## CLARA RICHARDSON *vs.* GEORGE BURLEIGH.

It is no ground for dismissing a complaint under Gen. Sts. *c.* 72, concerning the mainte-
nance of bastard children, that it was addressed to the justices of the police court of a
city, in which a police court was established, and the certificate of its being received and
sworn to was signed " J. S., Justice of said po. court."
In such complaint, it is sufficient to prove the charge by a preponderance of evidence.

COMPLAINT under Gen. Sts. *c.* 72, charging the defendant
with being the father of a bastard child with which the com-
plainant was pregnant.  The original complaint was addressed
to the justices of the police court in Cambridge, and a certificate
of its being received and sworn to was made thereon, and signed
" John S. Ladd, Justice of said po. court."

At the trial in the superior court, the defendant moved to
dismiss the complaint on the ground that it was irregularly re-
ceived and sworn to ; but *Putnam,* J. overruled the motion.
The defendant requested the court to rule, on the evidence,
that the jury must be satisfied of the truth of the charge beyond
a reasonable doubt; but the judge declined so to rule, and
instructed the jury, that to find the defendant guilty, they must
be satisfied that he was the father of the child by a preponder-
ance of evidence.

The jury returned a verdict of guilty, and the defendant al-
leged exceptions.

*J. C. Kimball,* for the defendant.

*L. Marrett,* for the complainant.

MERRICK, J. The justice of a police court may receive complaints and issue warrants in all cases when the court is not in session. But as no warrant can be issued except in cases and with the formalities prescribed by the law, it is an inevitable implication from the authority given to issue a warrant, that the magistrate may do whatever act the law requires as an essential preliminary to precede it. Declaration of Rights, art. 14. Therefore whenever a complaint, duly sworn to, is made by law to be such an essential preliminary, he may administer the oath, and certify to the fact that it has been taken before him. Gen. Sts. *c.* 116, § 16.

Complaints under the statute concerning the maintenance of bastard children may be made to police courts, as well as to justices of the peace; but in either case they are to be made upon oath. The justice of the police court for the city of Cambridge therefore had a right to receive the complaint and accusation of the complainant, and to issue his warrant thereon. And he, instead of the clerk, whose duty it would have been to make the certificate if it had been done during the session of the court, having certified that it was received and sworn to before said court, it is to be presumed, in the absence of evidence tending to show that it was otherwise, that it was received by and sworn to before him, when the court was not in session. 1 Greenl. Ev. § 20. He had a right so to receive the complaint, to administer the oath to the complainant, to certify the fact, and thereupon to issue his warrant. In doing this, there was no irregularity in the proceedings, or any cause of objection to their validity.

The abbreviation in the description of the court, in the attestation of the magistrate, is wholly immaterial. The meaning of it is perfectly apparent, upon recurrence to the body of the complaint; or, if it were not so, it might be rejected as surplusage, or as being wholly without signification.

In cases strictly criminal, it is an imperative rule of evidence that the allegations of the prosecutor must be proved beyond reasonable doubt. In others, the law, in general, only requires

that the fact in issue shall be established by the party having the burden of proof, to the reasonable satisfaction of the jury. This appears to have been the meaning of the phrase " by a preponderance of proof" as it was used by the court; *Commonwealth* v. *York*, 9 Met. 93 ; and so considered, the instruction to the jury in relation to it was suitable and right. *Schmidt* v. *New York Ins. Co.* 1 Gray, 529.          *Exceptions overruled.*